■ JANET SOMOZA, Respondent, v LOUIS J. SOMOZA, Appellant. — In an action to impress a constructive trust on the former marital premises, defendant appeals from two judgments of the Supreme Court, Westchester County (Dachenhausen, J.), dated June 8, 1981 and October 20, 1981, respectively, which, *inter alia,* (1) impressed a constructive trust on one half of the former marital premises, and (2) granted plaintiff one half of the net proceeds from the property's rental to a third party, together with an accounting. Judgment dated June 8, 1981 modified, on the law, by (1) deleting from the second decretal paragraph thereof the word "one half" and substituting therefore "45%", (2) deleting from the third decretal paragraph thereof the words "one half of the interest to" and substituting therefor the words "45% of", and (3) deleting further from the third decretal paragraph thereof the words "and so that each shall own an undivided one-half interest therein". As so modified, judgment affirmed, without costs or disbursements. Judgment dated October 20, 1981 modified, on the law, by deleting from the first and third decretal paragraphs thereof the word "one half" and substituting therefor in both paragraphs "45%". As so modified, judgment affirmed, without costs or disbursements. This action involves the former marital premises which was purchased in 1973 for $100,000. After carefully reviewing the evidence, the trial court issued a lengthy decision describing its findings of fact. The trial court found that of the $100,000 purchase price, the only time defendant used his own funds was when he drafted a $10,000 down payment from his own

account made payable to the former owners of the marital premises. However, the trial court failed to credit defendant for this amount. We now adjust the equities. In all other respects we agree with the trial court's determination that plaintiff has sustained her burden of proof and is entitled to have a constructive trust impressed on the former marital premises. (See *Sharp v Kosmalski,* 40 NY2d 119; *Simonds v Simonds,* 45 NY2d 233.) The trial court found overwhelming evidence of unusually deep trust and confidence placed by the wife in her husband and that defendant had taken plaintiff's assets and utilized her credit in order to purchase the home, with title being taken in defendant's name alone. Viewing the record "in a light most favorable to sustain the trial court's judgment and giv[ing] due deference to its findings on credibility", we agree that plaintiff was entitled to relief as indicated herein. (See *Tomaino v Tomaino,* 68 AD2d 267, 269.) Gibbons, J. P., Weinstein, O'Connor and Boyers, JJ., concur.