■ BETTE M. NEAL, Respondent, v JOHN E. NEAL, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 12, 1982 in Albany County, upon a decision of the court at Trial Term (Conway, J.), without a jury. The parties to this action were married in 1952 and divorced in December, 1959. They resumed living together without remarrying in January, 1960 and continued to do so with their children until December, 1975 when they again separated. On April 2, 1965, defendant husband agreed to purchase the property which is the subject of this litigation. While defendant was the sole contract vendee, the deed listed both him and plaintiff as grantees. Subsequently, in April, 1976, plaintiff, at the request of defendant, signed a quitclaim deed of her interest to enable defendant to mortgage the property. Plaintiff contends that it was agreed that after the lien was obtained her name was to be put back on the deed but, thereafter, defendant refused to reconvey the property to her as a joint tenant. The instant action was commenced to impose a constructive trust on the property for her benefit. After trial, the court found, *inter alia,* that defendant held the property in a constructive trust in plaintiff's favor entitling plaintiff to a reconveyance of the property as a tenant in common with defendant and that she was entitled to a lien equivalent to one half of the value of the property. This appeal ensued. A constructive trust may be imposed where the plaintiff has established that a confidential or fiduciary relationship existed between the parties; that a promise was made; that a transfer relying on the promise was made; and that there is unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119, 121). While the parties were not married or living together at the time the quitclaim deed was signed, an examination of plaintiff's testimony and particularly the fact that she readily signed the deed, tends to substantiate the court's conclusion that a confidential relationship existed. As to the promise, plaintiff testified that defendant led her to believe that she would be put back on the deed. Significantly, this testimony was not contradicted by defendant. The record also demonstrates that there is ample proof to justify the court's conclusion that both a reliance on the promise and unjust enrichment were established. Upon

our review of the record, we are of the view that the court's determination that a constructive trust should be imposed is neither contrary to the law nor against the weight of the credible evidence and, thus, it should not be disturbed (*Cameron v Andrukiewicz,* 87 AD2d 734). While we are of the opinion that the court properly granted plaintiff a lien on the property and ordered defendant to account for rents and profits, there is insufficient support in the record to justify the court's conclusion that plaintiff is entitled to a one-half interest in the property. The deed did not specify the proportionate share of each cotenant. Although such raises a presumption that the parties own equal shares, plaintiff, at trial, admitted that defendant provided all the consideration to buy the property and to make the improvements. Consequently, we conclude that a new trial should be held solely to determine the proportionate interest of each party in the property. Judgment modified, on the law and the facts, by reversing so much thereof as concluded that plaintiff was entitled to a one-half interest in the property and a new trial ordered solely to determine the interest of each party in the property, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.