■ LASZLO TORDAI, Respondent, v JOANN TORDAI, Appellant. — Mikoll, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered February 15, 1984 in Schoharie County, upon a decision of the court at Trial Term (Hughes, J.), without a jury.

The issue presented on this appeal is whether there is sufficient proof in the record to support the trial court's finding of an implied promise, a transfer in reliance thereon and unjust enrichment, three of the four elements necessary to establish the constructive trust imposed by the court on the property in dispute. We conclude that the proof is sufficient and since the fourth element, a confidential relationship is indisputably present, the judgment should be affirmed.

Plaintiff and defendant were married in 1974. In 1973, plaintiff had purchased property located in the Village of Jefferson in Schoharie County, which later became the marital residence and is the subject of this litigation.

In 1977, plaintiff mortgaged this property and used the proceeds to repay his father-in-law, who had loaned him the funds with which plaintiff bought out the interests of his two business partners. On the advice of his then attorney, plaintiff in 1978 conveyed the property to defendant to protect the property from any personal liability arising out of the operation of his business. The deed conveying the property to defendant recited that defendant did not assume plaintiff's mortgage on the property and did not pay any consideration for the property.

Subsequently, the marriage deteriorated and plaintiff moved out of the marital premises. Defendant remained in the resi-

dence with the couple's two children until she left with the children on a two-month European vacation. Plaintiff returned to live at the residence shortly after defendant's departure and has since continuously resided there. In August of 1982, after the parties' divorce had become final, defendant's attorney sent plaintiff a letter indicating that he could remain in the residence on the condition that he pay all expenses on the property, which payments would be considered as rent.

Plaintiff then commenced this action seeking to compel defendant to convey the property to him as she allegedly had promised. After a nonjury trial, the court imposed a constructive trust on the property in favor of plaintiff and ordered defendant to reconvey the property to plaintiff by quitclaim deed. Defendant has appealed.

In general, in order to impose a constructive trust, a court will require four factors to be established: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*Sharp v Kosmalski*, 40 NY2d 119, 121). These factors, however, are not rigid, but flexible considerations for the court to apply in determining whether a constructive trust should be imposed (*Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940; *Simonds v Simonds*, 45 NY2d 233, 241).

Turning to the case at bar, there is no dispute that plaintiff transferred the property to defendant during a confidential (marriage) relationship. However, plaintiff apparently never discussed the conveyance of the property with defendant before execution of the deed. Thus, proof of an express promise by defendant to hold the property in order to shelter it from plaintiff's potential business creditors is lacking. Nevertheless, a promise can be implied by the court where property has been transferred in reliance upon a confidential relationship (*Sharp v Kosmalski, supra,* p 122). Such a promise is indicated here. Plaintiff testified that he never intended a gift of the property to defendant. His attorney had advised him that in the event of a divorce, he could recover the property in question under a constructive trust theory. Further, plaintiff had no apparent reason, other than to shelter the property, for the conveyance to defendant.

A person is unjustly enriched when his retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties (*McGrath v Hilding,* 41 NY2d 625, 629). No wrongful act on the part of the person enriched is required (*Simonds v Simonds, supra,* p 242).

Plaintiff here has acquired and maintained the property through his own efforts. Defendant never contributed monetarily to the property. If the divorce was obtained under the equitable distribution law, the property in question would remain the separate property of plaintiff (Domestic Relations Law § 236 [B] [1] [d] [1]; [5] [b]). To now deprive him of the property simply because he sought to shelter it from potential liability could be said to be inequitable and an unjust enrichment to defendant.

Judgment affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.