■ CURTIS THOMPSON, Appellant-Respondent, v EDITH M. PITTMAN, Respondent-Appellant. KENAN THOMPSON, Third-Party Defendant-Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Kings County (Rigler, J.), dated July 20, 1984, as granted the defendant wife child support in the sum of $200 per week, a distributive award of $18,000 and counsel fees of $2,000, and the defendant cross-appeals from so much of the judgment as dismissed her third-party complaint and awarded her only half of her counsel fees.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

On August 18, 1977, the plaintiff purchased a three-family apartment house at 1287 Bergen Street in Brooklyn. The defendant contributed funds toward the purchase price in reliance upon an unfulfilled oral agreement that her name would be placed on the deed. At the time of the purchase, the parties had been cohabitating since 1975. Subsequently, the parties were married and the Bergen Street property became the marital residence. During the marriage, the plaintiff and the defendant purchased, as tenants by the entirety, a building at 459 Washington Avenue. The defendant contributed $2,200 toward the down payment. Approximately three months later, the defendant conveyed her half interest in the Washington Avenue property to the plaintiff in reliance upon

the plaintiff's promise to convey to her a half interest in the Bergen Street property. The plaintiff did not perform his promise. On December 16, 1982, the plaintiff sold the Washington Avenue property, and received a net profit of approximately $37,000. From the proceeds, the plaintiff paid $2,200 to the defendant's credit union to satisfy her indebtedness to that entity.

On or about April 14, 1983, the plaintiff commenced the instant action for a divorce and ancillary relief, and on or about June 7, 1983, the defendant served her answer, which contained a counterclaim for divorce. On January 18, 1984, the defendant served the plaintiff with an amended answer, interposing an additional counterclaim to impress a constructive trust upon the Bergen Street property based upon the defendant's transfer of her interest in the Washington Avenue property in reliance upon the plaintiff's promise to place her name on the deed for the Bergen Street property. Within a week after service of the amended answer, the plaintiff transferred the Bergen Street property to his brother. The consideration for the transfer was the brother's assumption of plaintiff's outstanding indebtedness on a note and mortgage held by Pioneer Savings and Loan Association in the sum of $23,477.07. Pursuant to the assumption agreement executed by the mortgagee, the plaintiff was released from any further liability under the note and mortgage. Thereafter, the defendant amended her pleading to include a third-party complaint against the plaintiff's brother to set aside the transfer of the Bergen Street property as fraudulent and to impress a constructive trust upon it.

On April 25, 1984, the Bergen Street property was appraised at the plaintiff's request and in accordance with a prior court order. The certified appraiser estimated its market value as of March 25, 1984, at $20,400.

The trial court, *inter alia,* found both the Bergen Street property and the Washington Avenue property to be marital property and granted the defendant a distributive award of half the net proceeds from the sale of the Washington Avenue property. The distributive award did not include a monetary sum for the Bergen Street property which had no equity at the time it was transferred to the plaintiff's brother. The third-party complaint was dismissed.

The plaintiff has appealed from so much of the judgment as granted defendant a distributive award of $18,000, child support of $200 per week and counsel fees of $2,000, and the

defendant has cross-appealed from so much of the judgment as dismissed the third-party complaint and awarded her only one half of her counsel fees. We have reviewed the plaintiff's contentions and conclude that the aforenoted awards do not constitute an abuse of discretion.

With respect to the defendant's contentions, we note that the trial court erred in finding the Bergen Street property to be marital property. The property was acquired by the plaintiff prior to marriage, and, thus, is separate property (Domestic Relations Law § 236 [B] [1] [d] [1]). Although the appreciation in value of separate property may be treated as marital property to the extent that the appreciation was due to the spouse's contributions (see, Duffy v Duffy, 94 AD2d 711; Sementilli v Sementilli, 102 AD2d 78; Ryan v Ryan, 123 AD2d 679), here the property depreciated in value.

Nevertheless, the equitable remedy of a constructive trust is available when an unfulfilled promise to convey an interest in land induces another, in the context of a confidential or fiduciary relationship, to make a transfer resulting in unjust enrichment (McGrath v Hilding, 41 NY2d 625; see also, Domestic Relations Law § 234; Somoza v Somoza, 88 AD2d 931). The defendant contends on appeal that the credible evidence adduced at trial was sufficient to impress a constructive trust upon the Bergen Street property predicated either upon the defendant's contribution towards the purchase price in reliance upon the plaintiff's unfulfilled promise to place her name on the deed or upon the defendant's transfer of her half interest in the Washington Avenue property in reliance upon the plaintiff's unfilled promise to convey to her a half interest in the Bergen Street property.

With respect to the latter ground for impressing a constructive trust, it is noteworthy that the defendant requested and was granted an equitable distribution award of one half of the net proceeds from the sale of the Washington Avenue property. Since the defendant's transfer of a half interest in marital (Washington Avenue) property was the consideration for impressing a constructive trust upon a half interest in the separate (Bergen Street) property, the defendant would be unjustly enriched by obtaining both a distributive award of half the net proceeds from the sale of the marital property and a constructive trust upon a half interest in the separate property. The salutary purpose of the constructive trust remedy is to prevent unjust enrichment (Sharp v Kosmalski, 40 NY2d 119, 123; Simonds v Simonds, 45 NY2d 233, 242). Impressing a constructive trust upon the property promised to

be conveyed is an alternative remedy *(see generally,* Bogert, Trusts §§ 77, 83 [5th ed 1973]; 61 NY Jur, Trusts, § 194). Having requested and been granted an equitable distribution award of half the net proceeds from the sale of the Washington Avenue property, relief which the defendant has not disavowed on appeal, said election waives the remedy of impressing a constructive trust upon the Bergen Street property premised upon her transfer of her interest in the Washington Avenue property.

We disagree with the defendant's contention that her contribution towards the purchase price in reliance upon the plaintiff's unfulfilled promise to place her name on the deed is sufficient to impress upon the Bergen Street property a constructive trust. There are four prerequisites to the imposition of a constructive trust: (1) a confidential relationship, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment *(Sharp v Kosmalski, supra,* at p 121; *Tordai v Tordai,* 109 AD2d 996, 997).

Although the parties were not married at the time the Bergen Street property was purchased, the record indicates that a relationship of trust and confidence did exist between the parties *(see, Sharp v Kosmalski, supra; Muller v Sobol,* 277 App Div 884 [meretricious relationship]; *see generally,* 61 NY Jur, Trusts, § 151). The defendant's testimony also establishes a transfer of funds based upon an understanding that the plaintiff would place her name on the deed in exchange for her contribution to the down payment. However, the plaintiff was not unjustly enriched by taking sole title to the Bergen Street property as evidenced by the fact that the outstanding indebtedness on the note and mortgage used to purchase the premises was in excess of its market value at the time of the transfer to the third-party defendant *(see, McGrath v Hilding,* 41 NY2d 625, *supra).* The defendant argues that the plaintiff damaged the premises to the extent of $25,000 before the transfer when he rendered the third floor uninhabitable by removing electric fixtures and smashing bathroom fixtures in an attempt to force her to vacate the marital residence. While the plaintiff did commit waste, a review of the appraiser's and contractor's $25,000 estimated costs to repair the premises clearly indicates that the bulk of repairs is attributable to the age of the building. Consequently, we find that the evidence adduced at trial is insufficient to establish the essential element of unjust enrichment.

Moreover, a constructive trust could not be impressed upon the Bergen Street property based on the defendant's contribu-

tion to the purchase price in reliance upon the plaintiff's unfulfilled promise to place her name on the deed because this claim was never alleged in her pleadings and no application to conform the pleadings to the proof was made at trial. Furthermore, such an amended counterclaim, based upon a transaction to which the original pleadings did not give notice, would have been barred at the time of trial (CPLR 203 [e]) by the six-year Statute of Limitations (CPLR 213 [1]), which commenced to run on the date the plaintiff took title in his own name rather than in both names (see, Kitchner v Kitchner, 100 AD2d 954). Accordingly, the judgment is affirmed insofar as appealed from. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.