■ THOMAS P. HIGGINS, Respondent, v IRENE S. NORMILE, Appellant.—Main, J. Appeal from a judgment of the Supreme Court at Special Term (Doran, J.), entered January 28, 1986 in Hamilton County, which, *inter alia,* partially granted plaintiff's motion for summary judgment.

This is an action to compel defendant to transfer to plaintiff an undivided one-half interest in certain property in the Town of Wells, Hamilton County, which had been conveyed to defendant alone. The undisputed facts in this matter reveal that beginning in 1972, plaintiff and defendant developed a close physical and emotional relationship. Plaintiff was a married man. In 1979, plaintiff and defendant discussed purchasing the Wells property now in issue, which consisted of a vacation home and land, and which they had occasionally used prior to that time. Plaintiff and defendant each contributed one half of the $11,000 down payment; however, the deed to the property was issued in defendant's name only and defendant alone obtained a mortgage for the balance of the purchase price. It is apparent that the reason for this arrangement was to prevent plaintiff's wife from making any claims to the property, inasmuch as plaintiff and his wife were separated and contemplating a divorce. Defendant has stated that she did intend to place half the title to the property in plaintiff's name. After the purchase, the parties opened a joint bank account into which each would deposit funds to be used in meeting the property's monthly expenses; it thus appears that they shared expenses equally.

In 1982, plaintiff and defendant decided to end their personal relationship. Their agreement as to the disposition of the Wells property is a matter of dispute; defendant claims that plaintiff orally agreed to relinquish any claims he had to the property and plaintiff claims that, when he asked defendant to pay him for his half of the property, she offered to pay him only an amount equivalent to his half of the down payment. Plaintiff commenced this action and subsequently moved for summary judgment. Special Term granted the motion in part, imposing a constructive trust for plaintiff's benefit of a one-half undivided interest in the property. This appeal by defendant ensued.*

Defendant contends that there are three factual issues

---

* In considering this case, we note that this court is bound by the certified record on appeal, and we have not considered matters contained in plaintiff's brief which are not properly contained in the record *(see, Interstate Window Cleaning Co. v Morse/Diesel, Inc.,* 89 AD2d 820).

which preclude the granting of summary judgment in this case: whether plaintiff should be barred from recovery by the doctrine of unclean hands because he attempted to hide the property purchase from his wife, whether plaintiff orally agreed to relinquish his claims to the property and whether this action is more appropriate for the imposition of an equitable lien than a constructive trust. We do not consider any of these issues to be a bar to summary judgment. With respect to unclean hands, it is clear that if plaintiff committed any fraud in the property purchase, such fraud was directed at his wife, who is not a party to this action. Defendant does not contend that plaintiff directed any fraud toward her personally. As a rule, the unclean hands' doctrine is available only when the party invoking the doctrine has been injured in the transaction by the person against whom she is invoking the doctrine (see, *Frymer v Bell,* 99 AD2d 91, 96; *Brown v Lockwood,* 76 AD2d 721, 729). Accordingly, there is no basis for defendant's invocation of the doctrine, and any issues of fact surrounding the doctrine will not preclude the grant of summary judgment.

There clearly is an issue of fact as to whether plaintiff orally agreed to relinquish his claim to the property. However, even if defendant can establish this oral agreement, it is not a bona fide defense to plaintiff's action so as to bar a grant of summary judgment (cf., *Feinstein v Levy,* 121 AD2d 499, 500; *Kaye v Keret,* 89 AD2d 885, 886). Under General Obligations Law § 5-703 (1), plaintiff could surrender his interest in the property only by conveying his interest in writing. Accordingly, any oral agreement whereby plaintiff agreed to relinquish his interest would be unenforceable.

Finally, the question of whether an equitable lien rather than a constructive trust should have been imposed presents an issue of law rather than an issue of fact. A consideration of the matter leads us to conclude that Special Term did not err in imposing a constructive trust. There are four basic requirements for a constructive trust: a confidential relationship, a promise, a transfer in reliance thereon and unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119, 121; *Thompson v Pitman,* 123 AD2d 683, 686; *Tordai v Tordai,* 109 AD2d 996, 997). These are not rigid requirements, but are "flexible considerations for the court to apply in determining whether a constructive trust should be imposed" *(Tordai v Tordai, supra,* at 997; *see, Simonds v Simonds,* 45 NY2d 233, 241). We believe that the undisputed facts in this case established the propriety of imposing a constructive trust. Further, unlike the situation

in *Neal v Neal* (92 AD2d 633), the evidence presented here does support a conclusion that plaintiff was entitled to a one-half share rather than some lesser amount representing his actual expenses in purchasing and maintaining the property, even though plaintiff stopped contributing to maintenance costs after he dissolved his relationship with defendant. The fact remains that the parties intended from the outset that each would have a one-half share of the property. Accordingly, the judgment of Special Term should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.