■ Kerby Saunders-Warkol, Inc., Appellant, v Harry Macklowe Real Estate Company, Inc., Respondent.—Order of the Supreme Court, New York County (William J. Davis, J.), entered on May 16, 1990, which, *inter alia,* granted the motion of defendant-respondent for partial summary judgment dismissing four categories of damages, unanimously reversed, on the law, and the motion denied, with costs.

Defendant-respondent's motion for partial summary judgment seeks to limit the categories of damages upon which proof will be received. Plaintiff's earlier motion for summary judgment was granted, thus establishing defendant's liability.

Plaintiff is an HVAC subcontractor that entered into a contract to perform services at two adjacent buildings being renovated by defendant, which subsequently repudiated the contract and ordered plaintiff to stop all work. Specifically at issue on this motion is plaintiff's entitlement to lost profits in four categories of work agreed to in the contract: (1) lost profits anticipated to be made by subcontractors of plaintiff, and their out-of-pocket expenses; (2) lost profits on agreed-upon extra work; (3) lost profits on overtime; and (4) lost profits on a guarantee of 20 floors of air-conditioning work.

The motion court held that plaintiff was barred from seeking these items of damages under the doctrine of judicial estoppel because plaintiff had previously asserted in its summary judgment motion that damages were based on the July 8, 1987 agreement and it now asserts that the scope of the work was expanded in dialogue and correspondence subsequent to the July 8 letter agreement.

We hold that the doctrine of judicial estoppel has no applicability here. Plaintiff has not taken inconsistent positions; it merely argued that the July 8 letter memorialized the award of the contract, not that it set forth all the material terms. *(See, Norr v Spiegler,* 72 AD2d 20, *affd* 53 NY2d 661.)

Each of the categories of damages meets the standard of *Kenford Co. v County of Erie* (67 NY2d 257, 261). Plaintiff's loss of profits in each category was unquestionably caused by defendant's breach, and the damages are not speculative, remote, or the result of intervening causes. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.