■ RAYMOND S. MCGARVIN, Respondent, v J.M. WELLER ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. NORPLEX OAK, INC., et al., Third-Party Defendants-Respondents-Appellants, et al., Third-Party Defendant. [710 NYS2d 143] —Mugglin, J. Appeals (1) from an order and judgment of the Supreme Court (Connor, J.), entered May 11, 1999 in Rensselaer County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered April 6, 1999 in Rensselaer County, which denied a motion by third-party defendants Norplex Oak, Inc. and Allied Signal Laminates Systems, Inc. to, *inter alia*, set aside the verdict.

In 1988, third-party defendant Norplex Oak, Inc., now known as Allied Signal Laminates, Inc. (hereinafter Allied), hired defendant James M. Weller (hereinafter Weller), a professional engineer, to design and administer the construction of a 44,000-square-foot addition to its manufacturing facility. Allied also entered into a contract with J.M. Weller Associates, Inc. (hereinafter Weller Associates) to act as the construction manager of the proposed addition wherein the construction work would be performed by the construction manager's own forces or trade contractors. As part of the project, Weller was required to design an emergency spill trench to span the entire 38-foot length of the addition.

The plans required the installation of "Neenah trench frames and Neenah heavy duty ductal iron trench grate model no. R-4990-H, Type A." Since, according to the Neenah Construction Castings catalog, the required grates were 24 inches in length, a total of 19 grates were necessary to cover the length of the trench. Weller Associates entered into a contract with third-party defendant Clifford H. Quay & Sons, Inc. (hereinafter Quay) to obtain and install the required grating system. While the Neenah catalog indicated that Type A grates were

manufactured in standard maximum lengths of 24 inches, a longitudinal overhead view showed that standard covers had an actual length of approximately 23⅞ inches and that three such grates were required to cover a six-foot linear section of the trench. Each grate, weighing approximately 144 pounds, was removable from the frame so that material collected during emergency spills could be removed and periodic routine maintenance could be performed. Although the record does not indicate who installed the grates (by contract it was Quay's responsibility), the record is clear that when the project was completed in 1989, the grates were evenly spaced on the metal frame such that a one-eighth inch space existed between each grate.

Plaintiff was employed by Allied to mix resin to coat glass material. In 1993, employed in this capacity in treater room No. 4, the addition designed by Weller, plaintiff loaded a manual pallet jack with fiberglass rolls weighing a total of approximately 1,500 pounds, intending to guide the pallet jack to a splicer machine on the other side of the room, requiring him to cross the emergency spill trench. In doing so, plaintiff's right foot became lodged between two grates and in an effort to avoid the oncoming pallet jack, plaintiff fell sustaining injuries to his right knee.

As a result of this incident, plaintiff commenced this action against Weller and Weller Associates alleging, *inter alia*, that they negligently installed, constructed and designed the grate system for the emergency spill trench. Weller Associates commenced a third-party action against Allied and Quay seeking indemnification or contribution, and Allied interposed a counterclaim against Weller Associates, a cross claim against Quay and a claim against Weller seeking, *inter alia*, contribution or indemnification. At the conclusion of the trial, the jury determined that Weller and Quay were not negligent, found Weller Associates and Allied negligent, apportioning liability 38% and 62%, respectively, and awarded plaintiff total compensation of $341,000. The oral motions of Weller Associates and Allied to set aside the verdict were denied. Allied's additional motion for a new trial or remittitur was also denied by Supreme Court. Weller Associates and Allied now appeal contending that Supreme Court improperly admitted evidence of postaccident modification to the grate system, improperly allowed the testimony of a nontreating physician on behalf of plaintiff, and erroneously denied the motions of Weller Associates and Allied for posttrial relief.

We agree that Supreme Court improperly admitted evidence

of postaccident modification to the emergency spill trench grate system, requiring that the judgment be reversed and a new trial ordered. Following plaintiff's accident, Allied installed a 1½-inch spacer bar at one end of the emergency spill trench, thereby preventing similar accidents. It is well settled that in a negligence action, a plaintiff is generally not permitted to offer proof of a defendant's postaccident repair or improvement (*see, Caprara v Chrysler Corp.*, 52 NY2d 114, 122). There are, however, recognized exceptions which "include evidence of a postmanufacture design change in a strict products liability cause of action premised on a defect in manufacture * * * and, not an exception so much as outside of the rule, evidence offered not to establish negligence but, rather to establish control * * * or feasibility * * * or to impeach a witness" (*Ramundo v Town of Guilderland*, 142 AD2d 50, 54 [citations omitted]). Although the cause of action asserted by plaintiff against Weller Associates is couched in terms of, *inter alia*, design, Weller Associates had no hand in the design of the emergency spill trench or the grating system. In fact, the contract between Allied and Weller Associates expressly relieved Weller Associates of any responsibilities for design of the project. Thus, plaintiff's cause of action against Weller Associates is one of simple negligence, a fact acknowledged by Supreme Court and the parties.

Plaintiff offers several arguments for his contention that Supreme Court properly admitted evidence of postaccident change to the grate system. First, plaintiff argues that such evidence is admissible on the issue of feasibility. In support of this position, plaintiff points to a motion for summary judgment made by Weller and Weller Associates, supported by the affidavit of Weller, in which plaintiff contends that Weller contested the feasibility of employing a spacer bar in the design to eliminate excessive spacing. As a result, plaintiff asserts that Weller and Weller Associates are judicially estopped from now conceding the issue of feasibility. We find this argument to be meritless. A party may be estopped from asserting a position inconsistent with a position taken earlier in the same proceeding (*see, Clifton Country Rd. Assocs. v Vinciguerra*, 252 AD2d 792, 793). However, neither the affidavit of Weller, his counsel nor the manufacturer's engineer directly addresses the issue of feasibility or directly contests the feasibility of designing the trench and the grating system with a spacer bar. More accurately, these affidavits assert that the grates were designed and installed in accordance with the manufacturer's specifications and that a 1/8 to 1/16-inch space between grates was necessary to aid in removal of the grates for clean-up and mainte-

nance. The position of these defendants at trial was consistent with this position and, thus, plaintiff cannot employ the doctrine of judicial estoppel on the issue of feasibility to make postaccident modification evidence admissible.

Plaintiff's second argument, that such evidence is admissible for the purpose of impeaching Weller's testimony at trial, is similarly unpersuasive. In fact, plaintiff injected the issue of feasibility from the outset of the trial. Four of the seven witnesses on plaintiff's case-in-chief testified on the issue of feasibility. Given plaintiff's injection of this issue in his case-in-chief, his present assertion that such evidence was properly admitted for impeachment purposes is baseless (see, Di Paolo v Somma, 111 AD2d 899, 900). Moreover, in a pretrial conference, all defendants conceded that the installation of a 1½-inch spacer bar was feasible. Plaintiff's attempt to reassert this issue during his direct case by calling Weller as a witness was improper (see, De Pasquale v Morbark Indus., 221 AD2d 409, 410). The heart of plaintiff's cause of action against Weller Associates is negligence premised upon the failure of Weller Associates, as construction manager, to perceive the foreseeable risk that a dangerous condition could be created as the result of excessive spacing between the grates. In our review of the record, we are convinced that evidence of postaccident change is offered by plaintiff solely as evidence of negligence and, as such, was impermissibly received, requiring reversal and a new trial.

In light of our remittal for a new trial, the remaining issues need not be considered.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order and judgment and order are reversed, on the law, with one bill of costs, and matter remitted to the Supreme Court for a new trial.