■ DANIEL BERGMAN, Appellant, v INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent. [713 NYS2d 531] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about February 14, 2000, which, to the extent appealed from, granted defendant insurer's motion to limit plaintiff's proof at trial to damages caused by a March 30, 1990 fire and thus to preclude proof of damages relating to a May 9, 1990 fire; and denied plaintiff's cross motion to prohibit defendant from introducing evidence at trial to establish that the fires that rendered the subject premises valueless occurred

sometime between March 31, 1990 and June 1, 1990, or, in the alternative, to permit plaintiff to conform the pleadings to the proof with respect to any damages to the subject premises shown to have occurred between March 31, 1990 and June 1, 1990, unanimously affirmed, without costs.

The IAS Court correctly held the doctrine of judicial estoppel inapplicable to preclude defendant from asserting that the property was rendered valueless by the May 9, 1990 fire. The statement on which plaintiff asserts the estoppel was made by defense counsel in a motion subsequent to plaintiff's amendment of his complaint to seek damages arising from the March 30, 1990, and not the May 9, 1990, fire. Plaintiff made the decision to focus upon the March 30, 1990 fire of his own accord and there is no indication that he altered his position to his detriment in reliance on the challenged statement. Moreover, the statement speculates on plaintiff's motivation and is not definitive as to defendant's position respecting the damage attributable to each of the two fires. Thus, plaintiff has not established a true inconsistency between the statement and defendant's current position (*see, McGarvin v Weller Assocs.*, 273 AD2d 623; *Bellevue S. Assocs. v HRH Constr. Corp.*, 184 AD2d 221, *lv denied* 80 NY2d 758).

Nor, contrary to plaintiff's claim, is there any basis for permitting amendment of the complaint to conform to trial evidence of damage to the subject premises between March 31, 1990 and June 1, 1990. This Court has previously held that the fire occurring on March 30, 1990 did not relate to the May 9, 1990 fire upon which the original complaint was premised, and, in so holding, necessarily determined that each fire was a separate incident to be judged on its own with respect to the applicable two-year Statute of Limitations (*see, Bergman v Indemnity Ins. Co.*, 232 AD2d 271). The amended complaint seeks damages relating to the March 30, 1990 fire only. Amendment of that complaint, based upon a separate transaction of which it gave no notice, would be barred because the applicable two-year limitations period has long since expired (*see, Thompson v Pittman*, 123 AD2d 683, 687). While leave to amend a complaint is generally "freely given" (CPLR 3025 [b]), amendment cannot be permitted as a means of reviving a time-barred action (*see, Lennox v Rhodes*, 39 AD2d 801).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan P. J., Williams, Ellerin, Wallach and Friedman, JJ.