■ ALAIN WERTHEIMER, Appellant, v CIRKER's HAYES STORAGE WAREHOUSE, INC., Defendant, and PASCAL BODHISATTVA, INC., Doing Business as PASCAL DE SARTHE FINE ART, Respondent. (And a Third-Party Action.) [752 NYS2d 295] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 2, 2001, which, insofar as appealed from as limited by the briefs, granted the cross motion of defendant Pascal Bodhisattva, Inc., doing business as Pascal de Sarthe Fine Art, for summary judgment dismissing the complaint as barred by the doctrine of laches, unanimously affirmed, without costs.

In this replevin action, plaintiff seeks to recover from defendant art gallery (de Sarthe) a painting formerly owned by plaintiff's grandfather that was allegedly misappropriated and sold by the person (Ehrlich) to whom the Wertheimer family

entrusted it when they fled the Nazi occupation of France. Although the Wertheimers had the painting included on a list of stolen artworks published by the French government in 1947, the record indicates that plaintiff's grandfather abandoned the French legal proceeding he commenced against Ehrlich after the war. The judgment entered against Ehrlich in that proceeding in 1947 (in the grandfather's absence) states that the grandfather had been compensated by third parties for certain unspecified property Ehrlich had misappropriated. This suggests the possibility that the grandfather may have accepted an alternative remedy as compensation for the loss of the subject painting, although whether this was the case can no longer be determined with any degree of certainty, the documentary record being very scant and all persons with direct knowledge of the relevant matters apparently having died long ago. In 1960, plaintiff's grandfather withdrew any claim against the German government based on the loss of the painting.

The uncontradicted evidence establishes that, for nearly half a century prior to the commencement of this action in 2000, the Wertheimers failed to take any steps to recover the painting. In this regard, we note that the family did not make any inquiries, either directly or through an agent, based on a New York gallery's advertisement of the painting for sale in a prominent art journal in 1951, notwithstanding that plaintiff's grandfather then lived in New York. Significantly, the New York gallery did not sell the painting until 1954, and even after the sale the gallery could have identified the buyer to an inquirer, as it voluntarily did at de Sarthe's request nearly 50 years later.

Because the Wertheimer family's lack of due diligence in seeking the return of the painting, as described above, substantially prejudiced de Sarthe by making it virtually impossible for de Sarthe to prove that any of its predecessors in interest acquired good title, the IAS court properly granted de Sarthe's motion for summary judgment dismissing the complaint on grounds of laches (see *Greek Orthodox Patriarchate of Jerusalem v Christie's Inc.*, 1999 WL 673347, *10-11, 1999 US Dist LEXIS 13257, *33-34 [SD NY, Aug. 30, 1999]). The doctrine of unclean hands does not bar de Sarthe's assertion of the laches defense, since de Sarthe's alleged inequitable conduct—its alleged failure to make reasonable inquiry into the background of the painting prior to purchasing it in 1999, and its alleged creation and use of a false provenance as an aid to attempts to resell the painting—did not cause any prejudice

to plaintiff (*see e.g. National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16; *Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 316; *Tierno v Puglisi*, 279 AD2d 836, 838-839; *390 W. End Assoc. v Baron*, 274 AD2d 330, 332; *Whalen v Gerzof*, 206 AD2d 688, 691, *lv denied* 84 NY2d 809; *Higgins v Normile*, 130 AD2d 828, 829). Since there is no relevant difference between the law of laches as it exists in New York and in Arizona, we need not reach plaintiff's contention that the IAS court erred in applying Arizona, rather than New York, law (*see Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 759-760, *lv denied* 95 NY2d 765).

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Williams, P.J., Rosenberger, Rubin, Friedman and Gonzalez, JJ.