Atlantic Specialty Ins. Co. v Landmark Unlimited, Inc. (2025 NY Slip Op 00018)

Atlantic Specialty Ins. Co. v Landmark Unlimited, Inc.

2025 NY Slip Op 00018

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 650912/22 Appeal No. 3379 Case No. 2023-05025 

[*1]Atlantic Specialty Insurance Company, Plaintiff-Respondent,
v
Landmark Unlimited, Inc., et al., Defendants-Appellants Cheryl Kremenick, Defendant.

RimÔn, P.C., Jericho (Anthony C. Acampora and William W. Bergesch of counsel), for appellants.
Chiesa Shahinian & Giantomasi PC, New York (Amanda L. Miceli of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered October 5, 2023, which, to the extent appealed from, granted plaintiff's motion for summary judgment on all causes of action in the complaint, unanimously modified, on the law, to deny the motion as to defendants Lynn R. Calvano, Katherine L. Lettera, and Heather K. Calvano, and otherwise affirmed, without costs.
We reject defendants' argument that plaintiff's motion, in which it contends that the indemnity agreement associated with the bond was executed by defendants' accountant acting as their agent, is barred by judicial estoppel. In prior motion practice, plaintiff argued that defendants' signatures were presumptively valid because they were notarized (see Atlantic Specialty Ins. Co. v Landmark Unlimited, Inc., 214 AD3d 472, 472-473 [1st Dept 2023]). Because defendants asserted that the signatures were forgeries, plaintiff now argues that the agreement was signed by an agent. These positions are consistent with each other, and the gravamen of plaintiff's action has always been that the agreement was validly executed and enforceable (see Bergman v Indemnity Ins. Co. of N. Am., 275 AD2d 675, 676 [1st Dept 2000]; Kerby Saunders-Warkol, Inc. v Macklowe Real Estate Co., 167 AD2d 176, 177 [1st Dept 1990]).
Plaintiff established entitlement to summary judgment with respect to defendants Joseph Calvano and the Landmark entities. Although Joseph, president of the Landmark entities, denied signing the indemnity agreement, he did not deny giving the accountant authority to do so, leaving that evidence of actual authority unrebutted. In any event, even if Joseph had denied giving such authority, the record contains sufficient evidence to find that Joseph, and by extension Landmark, ratified the agreement (see Goldston v Bandwidth Tech. Corp., 52 AD3d 360, 363-364 [1st Dept 2008], lv denied 14 NY3d 703 [2009]; Cologne Life Reins. Co. v Zurich Reins. [N. Am.], 286 AD2d 118, 126-128 [1st Dept 2001]). It was Joseph who instructed the accountant and Landmark's administrative assistant to obtain the surety bond, which was necessary to obtain a contract Joseph was seeking on behalf of Landmark. He was a party to numerous emails over the years concerning the provision of financial information to the surety broker, urging his employees to comply so that the bond would be obtained. He paid for the bond after its approval, and Landmark accepted the benefit of being awarded the contract that was contingent on the bond. There is no question on this record that Joseph had full knowledge of the material facts relating to the transaction and that his assent was unequivocal (see Robinson v Day, 103 AD3d 584, 586 [1st Dept 2013]; compare Goldston, 52 AD3d at 364; with Cashel v Cashel, 15 NY3d 794, 796 [2010]).
However, the record presents issues of fact as to whether the accountant for Lynn R. Calvano, Katherine L. Lettera, and Heather K. Calvano had either actual or implied authority to sign their names [*2]on a personal indemnity guarantee (see Cologne Life Reinsurance Co., 286 AD2d at 124-128). Thus, it is for the factfinder to resolve the credibility of those parties as well as that of the accountant, who provided an affidavit averring that Lynn Calvano and Joseph Calvano directed him to sign the agreements on behalf of all the appealing defendants. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025