Bennigson v Salvation Army (2025 NY Slip Op 05762)

Bennigson v Salvation Army

2025 NY Slip Op 05762

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 650416/23|Appeal No. 4991 & M-04995, M-05115, M-05116|Case No. 2024-04235|

[*1]Thomas Bennigson et al., Plaintiffs-Appellants, The Salvation Army etc., et al., Plaintiffs,
v
The Solomon R. Guggenheim Foundation, Defendant-Respondent. Mondex Corporation, The 1939 Society, Center for Art Law, Inc., and The Holocaust Art Restitution Project, Amici Curiae.

Freedman Normand Friedland LLP, New York (YaÉl M. Weitz of counsel), for appellants.
Davis Polk & Wardwell LLP, New York (Antonio J. Perez-Marques of counsel), for respondent.
Krauss PLLC, New York (Geri S. Krauss of counsel), for Mondex Corporation and The 1939 Society, amici curiae.
Peter Toren and Irina Tarsis, Brooklyn, for Center for Art Law, Inc., amicus curiae.
The Ciric Law Firm, PLLC, New York (Pierre Ciric of counsel), for The Holocaust Art Restitution Project, amicus curiae.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about June 12, 2024, which granted defendant's motion to dismiss the amended complaint under CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
Karl and Rosa Adler were German Jews who fled Nazi Germany during Hitler's devastating rise to power in the 1930s. The Adlers acquired a painting by Pablo Picasso entitled Woman Ironing (La repasseuse) in 1916 while living in Germany. As alleged in the complaint, the Adlers experienced severe persecution when the Nazis took over Germany and were forced to flee to other countries in Europe. During this period, the amended complaint describes in harrowing detail the severe financial constraints imposed on the Adlers and all German Jews by the Nazi regime. On October 29, 1938, Karl Adler sold the painting to Justin Thannhauser for CHF 6,887 (approximately $1,552) to raise cash to escape to Argentina. There is no dispute that Thannhauser was living in Paris at the time, and Adler was living in either the Netherlands, France, or Switzerland. Thannhauser was also Jewish, and there is no evidence that he was ever involved in the Nazi regime or collaborated with the Nazis in any way.
Contrary to plaintiffs' contention, the Holocaust Expropriated Art Recovery Act of 2016 (HEAR Act) (Pub L No 114-308, 130 US Stat 1524) does not bar defendant's equitable defense of laches. The question involves interpretation of a federal statute, and the Second Circuit has already correctly concluded that laches is not preempted by the HEAR Act (see Zuckerman v Metropolitan Museum of Art, 928 F3d 186, 190, 192, 197 [2d Cir 2019], cert denied 589 US — , 140 S Ct 1269 [2020] [holding that the HEAR Act allows defendants to assert equitable defenses like laches]). Plaintiffs contend that the motion court erred by deciding laches as a matter of law on a motion to dismiss. However, this Court has held that "where the original owner's lack of due diligence and prejudice to the party currently in possession are apparent, the issue may be resolved as a matter of law" (Matter of Peters v Sotheby's Inc., 34 AD3d 29, 38 [1st Dept 2006], lv denied 8 NY3d 809 [2007]; see also Wertheimer v Cirker's Hayes Stor. Warehouse, 300 AD2d 117 [1st Dept 2002]).
Here, plaintiffs' lack of due diligence and unreasonable delay in bringing this action and the prejudice to defendant from plaintiffs' delay are apparent from the face of the amended complaint. Plaintiffs allege that Adler sold the painting to Thannhauser in 1938. In 1963, the New York Times published a front-page article about Thannhauser's planned bequest, upon his death, of the painting to defendant The Solomon R. Guggenheim Foundation. The article included a photograph of the painting. In 1974, while Thannhauser was still alive, defendant (by its trustee, nonparty Daniel Catton Rich) wrote to nonparty Eric Adler (one of Karl Adler's sons) at his New York City address inquiring about the painting. Specifically, defendant requested information about the period of time that the painting was in the Adler collection, when Karl Adler acquired the painting, and when the painting left the Adler collection. Eric responded that his parents bought the painting in 1916 and kept it until 1939. Eric suggested that if Rich needed additional information, he should contact Eric's sister, who also resided in New York City. Eric did not suggest that there was anything untoward about the transition of ownership of the painting. Thanhausser died in 1976.
Plaintiffs, heirs of Karl Adler's children, did not contact defendant to allege any concern regarding the painting's sale until January 24, 2017. They did not demand the painting's return until June 2021, over 80 years after the sale and 40 years after the painting became part of defendant's collection.
Also prior to plaintiffs' 2021 demand, most of the individuals who might have had relevant information had died. Karl Adler died in 1957, and his wife Rosa predeceased him in 1946. Thannhauser and Rich both died in 1976. Karl's children died in 1989, 1990, and 1994. And nonparty Thomas Messer, who had been defendant's director at the time it acquired the painting, died in 2013. Against this backdrop, the equitable doctrine of laches bars plaintiffs' claims (see e.g. Zuckerman, 928 F3d at 193-94). Indeed, "[t]his is not a case where the identity of the buyer was unknown to the seller or the lost property was difficult to locate" (id. at 194).
Because plaintiffs' claims are barred by the doctrine of laches, their argument about duress is academic. In any event, "a contract procured by duress is not void, but merely voidable, such that the duress victim's failure to act can be viewed as a ratification of the contract" (Beltway 7 Props., Ltd. v Blackrock Realty Advisers, Inc., 167 AD3d 100, 108 [1st Dept 2018], lv denied 32 NY3d 916 [2019]). "One who would repudiate a contract procured by duress must act promptly, or he will be deemed to have elected to affirm it" (Edison Stone Corp. v 42nd St. Dev. Corp., 145 AD2d 249, 253 [1st Dept 1989] [internal quotation marks omitted]).
We have considered plaintiffs' remaining arguments and find them unavailing.
M-04995, 05115 & 05116 - Bennigson v The Solomon R. Guggenheim Foundation 
Motions for leave to file amicus briefs, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025