■ ALEXANDER LYONS, an Infant, by His Father and Natural Guardian, DAVID LYONS, et al., Respondents, v MEDICAL MALPRACTICE INSURANCE ASSOCIATION et al., Defendants, and AMERICAN HOME ASSURANCE COMPANY et al., Appellants. [656 NYS2d 733] —In an action, *inter alia*, to recover damages for fraud, the defendants American Home Assurance Company and American International Life Insurance Company of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 18, 1996, as denied those branches of their motion which were to dismiss the plaintiffs' causes of action based on fraud, intentional misrepresentation, and negligent misrepresentation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action against, *inter alia*, the appellants American Home Assurance Company (hereinafter AHAC) and American Life Insurance Company of New York (hereinafter ALICNY), alleging, among other things, that the appellants fraudulently, intentionally, and/or negligently misrepresented the value of an annuity secured as part of the settlement of an underlying medical malpractice action. The

appellants moved, *inter alia,* to dismiss the complaint pursuant to CPLR 3016 (b). We now affirm the denial of their motion.

The plaintiffs' allegations concerning their causes of action based on fraud, intentional misrepresentation, and negligent misrepresentation were sufficiently specific to satisfy CPLR 3016 (b) (*see, Lanzi v Brooks,* 43 NY2d 778; *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403; *Stevenson Equip. v Chemig Constr. Corp.,* 170 AD2d 769, *affd* 79 NY2d 989; *Foley v D'Agostino,* 21 AD2d 60). Further, the plaintiffs alleged facts and circumstances upon which a jury might conclude that there existed between the parties a special relationship sufficient to sustain a cause of action based on negligent misrepresentation (*see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417; *Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536; *International Fid. Ins. Co. v Gaco W.,* 229 AD2d 471). Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.