■ JACQUES THYS, Appellant, v FORTIS SECURITIES LLC et al., Respondents. [903 NYS2d 368]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered January 5, 2010, dismissing the complaint, unanimously reversed, on the law, without costs, and the

complaint reinstated. Appeal from order, same court and Judicial Hearing Officer, entered December 29, 2009, which granted defendants' motion to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff alleges that defendants promised him an employment bonus of €375,000 for 2005; that thereafter they deposited in plaintiff's bank account the sum of $198,230.73—purportedly his bonus after taxes—which plaintiff believed was inadequate; that the parties agreed that plaintiff would return $192,000 of the deposited money and defendants would then deposit in plaintiff's bank account the correct bonus amount in euros; and that, although plaintiff returned the $192,000, as agreed, defendants failed to deposit any funds. Plaintiff seeks damages for conversion.

An action for conversion of money may be made out "where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question" (*Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124 [1990], *lv denied* 77 NY2d 803 [1991]). Although the action must be for recovery of a particular and definite sum of money, the specific bills need not be identified (*Jones v McHugh*, 37 AD2d 878 [1971]).

The allegations that specified funds "were entrusted to [defendants'] custody only for a particular purpose," namely, the purpose of recalculating and repaying the bonus due to plaintiff, and that instead defendants improperly retained the funds without making such recalculation and repayment, state a cause of action for conversion (*see Meese v Miller*, 79 AD2d 237, 244 [1981] [internal quotation marks omitted]). The funds of which defendants took possession were represented by plaintiff's check for $192,000, and that $192,000 is "specifically identifiable and . . . subject to an obligation to be returned or to be otherwise treated in a particular manner" (*Republic of Haiti v Duvalier*, 211 AD2d 379, 384 [1995]).

Finally, the motion court was incorrect in suggesting that the voluntary nature of plaintiff's delivery of his check to defendants precludes a conversion claim (*see Soma v Handrulis*, 277 NY 223, 231 [1938]). Concur—Andrias, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.