[934 NE2d 876, 908 NYS2d 143]

THOMAS P. CASHEL, Plaintiff, v FRANCINE CASHEL, Defendant.

THOMAS P. CASHEL, Appellant, v FRANCINE CASHEL et al., Defendants, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., Respondents. (And Another Action.)

Decided August 31, 2010

### APPEARANCES OF COUNSEL

*Saltzman Chetkof & Rosenberg, LLP,* Garden City (*Michael Chetkof* of counsel), for appellant.

*Solomon & Siris, P.C.,* Uniondale (*Michael J. Siris* of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the motion by defendants Fremont Investment & Loan and Mortgage Electronic Registration Systems, Inc. for summary judgment dismissing the first cause of action against them denied.

Issues of fact exist with respect to whether plaintiff Thomas P. Cashel possessed the requisite "knowledge of material facts" concerning the allegedly binding deed (*Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 131 [1990]). Although plaintiff admitted to receiving certain monies from Francine Cashel, he alleged that she "advis[ed] him that she had received these funds from the proceeds of the mortgage loan," which he had authorized her to obtain as his agent. Moreover, as argued by plaintiff, his receipt of these monies does not prove that he had any prior knowledge of Francine's alleged forgery of the deed, especially considering that he authorized her to obtain a mortgage on the property. In addition, plaintiff claimed that he had not learned of the alleged forgery until June 2004 and that he filed a notice of pendency on the property in August 2004—several months before defendant Fremont Investment & Loan issued its loan to Francine. Thus, the Court cannot conclude, as a matter of law, that plaintiff ratified the deed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order, insofar as appealed from, reversed, etc.