■ WILLIAM DAVID YOUNG et al., Individually and on Behalf of All Property Owners Similarly Situated, Respondents, v MICHAEL R. CROSBY, Appellant. [930 NYS2d 352]—

Memorandum: Plaintiffs commenced this action seeking, inter alia, a determination that they have an easement by express or implied grant or by prescription over a parcel of property owned by defendant. We note at the outset that plaintiffs' cross appeal has been deemed abandoned and dismissed by their failure to perfect it in a timely fashion (see 22 NYCRR 1000.12 [b]; Bucklaew v Walters, 75 AD3d 1140, 1141 [2010]). We therefore do not address the cross appeal.

We agree with defendant that Supreme Court erred in denying that part of his cross motion seeking summary judgment

dismissing the first cause of action, alleging that plaintiffs have an easement by express or implied grant over defendant's parcel. Defendant established as a matter of law that the dominant and servient parcels did not have a common grantor (*see Dichter v Devers*, 68 AD3d 805, 806-807 [2009]), and plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We also agree with defendant that the court erred in denying that part of his cross motion seeking summary judgment dismissing the third cause of action, alleging that plaintiffs are entitled to an award of sanctions pursuant to 22 NYCRR 130-1.1. " 'New York does not recognize a separate cause of action to impose sanctions' pursuant to 22 NYCRR 130 - 1.1 (c)" and, in any event, defendant's conduct in defending the action is not frivolous within the meaning of that rule (*Schwartz v Sayah*, 72 AD3d 790, 792 [2010]). We therefore modify the order accordingly.

The court, however, properly denied that part of the cross motion seeking summary judgment dismissing the second cause of action, alleging that plaintiffs have a prescriptive easement over defendant's parcel. Defendant's own submissions raise triable issues of fact with respect to that cause of action (*see Barra v Norfolk S. Ry. Co.*, 75 AD3d 821, 823-824 [2010]; *cf. King's Ct. Rest., Inc. v Hurondel I, Inc.*, 87 AD3d 1361 [2011]). Finally, we conclude that the court did not abuse its discretion in granting plaintiffs' motion insofar as it sought a preliminary injunction, thereby preserving the status quo pending a determination on the merits (*see S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc.*, 57 AD3d 642 [2008]; *Moody v Filipowski*, 146 AD2d 675, 678 [1989]). Present—Centra, J.P., Peradotto, Carni, Green and Gorski, JJ.