■ PAUL BIBBO et al., Respondents, v KATERINA ARVANITAKIS et al., Appellants, et al., Defendants. (Action No. 1.) PAUL BIBBO et al., Respondents, v KATERINA ARVANITAKIS et al., Appellants, et al., Defendants. (And a Third-Party Action.) (Action No. 2.) [44 NYS3d 448]—

In related actions, inter alia, to recover damages for fraud, which were joined for discovery and trial, Katerina Arvanitakis and Arvanitakis & Associates, PLLC, appeal from so much of an order of the Supreme Court, Queens County (Livote, J.), dated July 14, 2014, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1), (3) and (7) to dismiss the amended complaint in both actions insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs allege that the defendant Katerina Arvanitakis, an attorney who represented them in an unrelated land use matter, defrauded them in a scheme involving purported investments in six real properties located in Suffolk, Nassau, and Queens Counties. The plaintiffs allege that Arvanitakis, as part of this scheme, advised them to form two corporate entities and, by means of these corporate entities, induced the plaintiffs to transfer funds into Arvanitakis's escrow account. Rather than using those funds on the plaintiffs' behalf to invest in the real properties, Arvanitakis and other defendants converted the funds to their own use. The plaintiffs commenced actions to recover damages for fraud, conversion, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.

Arvanitakis and the defendant Arvanitakis & Associates, PLLC (hereafter the PLLC), moved, inter alia, pursuant to CPLR 3211 (a) (1), (3) and (7) to dismiss the amended complaint in both actions insofar as asserted against them. Arvanitakis and the PLLC contended that the amended complaint should be dismissed insofar as asserted against the PLLC because documentary evidence established that the PLLC was not in existence when the allegedly tortious acts were committed. Arvanitakis and the PLLC further contended that the amended complaint should be dismissed insofar as asserted against them pursuant to CPLR 3211 (a) (7) because it did not adequately state a cause of action. Finally, they contended that the plaintiffs lacked standing to sue because the funds were transferred to the defendants through the corporate entities and that any injury was to those entities. The Supreme Court denied those branches of the motion, and Arvanitakis and the PLLC appeal.

The Supreme Court correctly denied that branch of the motion which was pursuant to CPLR 3211 (a) (1) to dismiss the amended complaint in both actions insofar as asserted against the PLLC. The evidence submitted in support of the motion did

not conclusively dispose of the plaintiffs' claims against the PLLC, regardless of whether that evidence qualified as "documentary" under CPLR 3211 (a) (1) (*see Bibbo v Arvanitakis*, 145 AD3d 656 [2016] [decided herewith]).

The Supreme Court also correctly denied that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint in both actions insofar as asserted against Arvanitakis and the PLLC for failure to state a cause of action. "On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587, 588-589 [2014]). A plaintiff asserting a cause of action alleging fraud is required to plead with particularity (*see* CPLR 3016 [b]; *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). When, however, the operative facts are "peculiarly within the knowledge of the party" alleged to have committed the fraud, it may be impossible at the early stages of the proceeding for the plaintiff to detail all the circumstances constituting the fraud (*Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968]; *see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [2008]). Thus, as the Court of Appeals has held, the pleading requirement of CPLR 3016 (b) "should not be so strictly interpreted 'as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud' " (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 491, quoting *Lanzi v Brooks*, 43 NY2d 778, 780 [1977] [internal quotation marks omitted]). Instead, the pleading requirement will be deemed to have been met "when the facts are sufficient to permit a reasonable inference of the alleged conduct" (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 492).

Here, the cause of action in the amended complaint alleging fraud as to Arvanitakis is sufficiently pleaded (*see id.* at 492-493), as are the causes of action alleging conversion, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty (*see Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d 781, 784 [2012]; *Thys v Fortis Sec. LLC*, 74 AD3d 546, 547 [2010]; *Beltrone v General Schuyler & Co.*, 252 AD2d 640,

641-642 [1998]). Moreover, the amended complaint adequately pleads those causes of action against the PLLC premised upon the doctrine of successor liability and reverse piercing of the corporate veil (*see DiMauro v United, LLC*, 122 AD3d 568, 569 [2014]; *State Farm Fire & Cas. Co. v Main Bros. Oil Co.*, 101 AD3d 1575, 1577 [2012]; *Sweeney, Cohn, Stahl & Vaccaro v Kane*, 6 AD3d 72, 76-78 [2004]).

Finally, the Supreme Court correctly denied that branch of the motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint in both actions insofar as asserted against Arvanitakis and the PLLC on the basis of the plaintiffs' lack of standing. In order to determine whether a cause of action is personal or derivative, "the pertinent inquiry . . . 'is whether the thrust of the plaintiff's action is to vindicate his [or her] personal rights as an individual and not as a stockholder on behalf of the corporation' " (*Craven v Rigas*, 85 AD3d 1524, 1527 [2011], quoting *Albany-Plattsburgh United Corp. v Bell*, 307 AD2d 416, 419 [2003]). An individual action may be maintained where the injury alleged is to the plaintiff and recovery would go to the plaintiff (*see Serino v Lipper*, 123 AD3d 34, 39-40 [2014]). Here, the thrust of the allegations in the amended complaint was that the defendants targeted and defrauded the plaintiffs, and that the corporations were mere conduits of the funds. Any recovery would go to the plaintiffs, not the corporations. Accordingly, the court correctly determined that the plaintiffs had standing to bring the actions in their individual capacities. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.