Adirondack Bank v Midstate Foam & Equip., Inc. (2018 NY Slip Op 01713)





Adirondack Bank v Midstate Foam & Equip., Inc.


2018 NY Slip Op 01713


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND TROUTMAN, JJ.


88 CA 17-01431

[*1]ADIRONDACK BANK, PLAINTIFF-APPELLANT,
v
MIDSTATE FOAM AND EQUIPMENT, INC., DEFENDANT, AND JAMES S. WHEELER, DEFENDANT-RESPONDENT. 






MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (TERESA M. BENNETT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HANCOCK ESTABROOK, LLP, SYRACUSE (JAMES YOUNGS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered April 12, 2017. The order, inter alia, granted that part of the motion of defendant James S. Wheeler for summary judgment dismissing the complaint against him and dismissed the complaint "as against all defendants." 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the complaint, and by granting the cross motion in part and awarding plaintiff judgment against defendant Midstate Foam and Equipment, Inc. in the amount of $145,858.74 together with interest at the rate of 5.25% commencing November 17, 2014, plus costs and attorneys' fees, and dismissing the 2nd, 3rd, and 5th through 11th affirmative defenses and all counterclaims of defendant James S. Wheeler, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, to determine the amount of costs and attorneys' fees in accordance with the following memorandum: In this action, plaintiff seeks to recover on a July 1, 2011 promissory note evidencing a $145,000 loan to defendant Midstate Foam and Equipment, Inc. (corporation). Plaintiff commenced this action against the corporation and its president, defendant James S. Wheeler, seeking to hold Wheeler liable under two guaranties, dated August 12, 2010 and February 18, 2011. According to the guaranties, Wheeler personally guaranteed "all . . . indebtedness" of the corporation to plaintiff and waived any defenses. The note and guaranties contain what appears to be Wheeler's signature.
Wheeler moved for summary judgment dismissing the complaint against him and for judgment on his third counterclaim, seeking sanctions based on plaintiff's alleged frivolous conduct, and plaintiff cross-moved for, inter alia, a default judgment against the corporation and for judgment against defendants in the amount sought in the complaint. We agree with plaintiff that Supreme Court erred in granting that part of Wheeler's motion for summary judgment dismissing the complaint against him and in dismissing the complaint "as against all defendants" on the ground that the note was void ab initio. In support of his motion, Wheeler submitted, inter alia, the transcript of a guilty plea proceeding in a criminal action. At that proceeding, Wheeler's business partner admitted that he forged Wheeler's signature on the note. The forgery occurred in Wheeler's presence after Wheeler refused to sign the note himself. Wheeler's partner admitted that the purpose of the loan was to pay off prior loans and to provide working capital for the corporation. Wheeler also submitted his own affidavit denying that he signed the subject note and corroborating key portions of the plea proceeding. Wheeler averred that the guaranties were forged, that he lacked knowledge of them until this action was commenced, and that he had not been involved in the corporation since May 2010.
In opposition to the motion, plaintiff submitted loan documents establishing that the proceeds of the subject loan were used to pay off an intermediate loan, and the proceeds of the [*2]intermediate loan had been used to pay off an earlier loan that plaintiff made to Wheeler individually. A letter to Wheeler, dated August 11, 2010, indicated that plaintiff would "require [his] unlimited and continuing personal guaranty" in connection with the intermediate loan. Another letter addressed to Wheeler, dated August 20, 2010, confirmed payment in full of Wheeler's personal loan. Additionally, plaintiff submitted a corporate authorization resolution that Wheeler executed in October 2011 on the corporation's behalf.
On a motion for summary judgment, the moving party has the burden of establishing his or her entitlement to judgment as a matter of law (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979]). Here, although Wheeler submitted evidence that the note was forged, he failed to establish as a matter of law that it was void ab initio. It is well established that a forged instrument may be ratified where "the principal retains the benefit of an unauthorized transaction with knowledge of the material facts" (Standard Funding Corp. v Lewitt, 89 NY2d 546, 552 [1997]; see Cashel v Cashel, 15 NY3d 794, 796 [2010]). The evidence submitted in support of the motion contained sworn statements of Wheeler and his business partner establishing that the proceeds of the loan were used to provide the corporation with capital and that its president, Wheeler, knew that his signature had been forged on the documents authorizing the loan. Wheeler, however, never attempted to return the proceeds of the loan, and the loan "cannot now be repudiated" (Skilled Invs., Inc. v Bank Julius Baer & Co., Ltd., 62 AD3d 424, 425 [1st Dept 2009], lv dismissed 13 NY3d 934 [2010]). Thus, Wheeler's own submissions raised issues of fact whether he ratified the forged note (see Cashel, 15 NY3d at 796).
Nevertheless, even if the note was ratified, Wheeler is not personally liable if his signature on the guaranties was forged and he lacked knowledge of the guaranties' existence, thus rendering the guaranties void ab initio (see generally Orlosky v Empire Sec. Sys., 230 AD2d 401, 403 [3d Dept 1997]). Even assuming, arguendo, that Wheeler established as a matter of law that the guaranties were forged, we conclude that plaintiff raised issues of fact whether he had knowledge of the guaranties and thus whether he ratified them (see generally Standard Funding Corp., 89 NY2d at 552). More particularly, the August 11, 2010 letter to Wheeler stated that his continuing personal guaranty was required in return for the corporate loan that was used to pay off his individual loan. Thus, the court should have denied that part of Wheeler's motion for summary judgment dismissing the complaint against him, and we therefore modify the order by denying that part of the motion and reinstating the complaint against him. Inasmuch as there are issues of fact, however, we reject plaintiff's contention that the court should have granted that part of its cross motion seeking summary judgment on its complaint against Wheeler (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Plaintiff further contends that the court erred in denying that part of its cross motion seeking summary judgment dismissing Wheeler's affirmative defenses. We agree in part. The court should have dismissed his 2nd, 3rd, and 5th through 11th affirmative defenses inasmuch as plaintiff established that those defenses "were without merit or merely duplicative," and, in opposition, Wheeler failed to raise an issue of fact (Emigrant Bank v Myers, 147 AD3d 1027, 1028 [2d Dept 2017]).
Plaintiff also contends that the court erred in denying that part of its cross motion seeking summary judgment dismissing Wheeler's counterclaims. We agree, and we further modify the order accordingly. The first counterclaim, alleging abuse of process, should have been dismissed because plaintiff established that it "did not use process in a perverted manner to obtain a collateral objective' " (Liss v Forte, 96 AD3d 1592, 1593 [4th Dept 2012], quoting Curiano v Suozzi, 63 NY2d 113, 116 [1984]), and Wheeler failed to raise an issue of fact (see generally Zuckerman, 49 NY2d at 562). The second counterclaim alleged that plaintiff negligently hired, supervised, or retained the loan officer who conspired with Wheeler's business partner to arrange for the loans. That counterclaim should have been dismissed because plaintiff established that it did not know, nor should it have known, about its loan officer's malfeasance until January 2015, and plaintiff terminated the loan officer's employment only days later as a consequence (see generally Jackson v New York Univ. Downtown Hosp., 69 AD3d 801, 801 [2d Dept 2010]), and Wheeler failed to raise an issue of fact (see generally Zuckerman, 49 NY2d at 562). The third counterclaim, seeking sanctions for alleged frivolous conduct, should have been dismissed because New York does not recognize a separate cause of action or counterclaim seeking the imposition of sanctions (see Young v Crosby, 87 AD3d 1308, 1309 [4th Dept 2011]).
In addition, we agree with plaintiff in any event that, to the extent that Wheeler sought sanctions, albeit in the improper form of a counterclaim, the court abused its discretion in awarding Wheeler costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 (c) based on plaintiff's alleged frivolous conduct. We therefore further modify the order accordingly. "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (id.). In awarding costs or attorneys' fees based on frivolous conduct, the court must issue "a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2). Here, the court stated only that plaintiff knew at the time the action was commenced that the note was forged and did not explain why it found that conduct to be frivolous. The award must be vacated for that reason alone (see Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 595 [1st Dept 2015]). Furthermore, we conclude that the court's omission is particularly troubling because we cannot perceive how plaintiff's conduct could be deemed frivolous. The action arguably has merit and "does not approach the type of groundless litigation envisioned by the rule" (Matter of Bozer v Higgins, 204 AD2d 979, 980 [4th Dept 1994]). It was undertaken to recover on an outstanding debt, and Wheeler has not alleged that plaintiff made false statements.
Finally, we agree with plaintiff that the court abused its discretion in sua sponte dismissing the complaint against the corporation and in denying that part of plaintiff's cross motion seeking a default judgment against the corporation based on its failure to appear (see CPLR 3215 [a]). We therefore further modify the order by reinstating the complaint against the corporation and granting judgment in favor of plaintiff against the corporation in the amount of $145,858.74, together with interest at the contract rate of 5.25% commencing November 17, 2014, the date of default, and reasonable costs and attorneys' fees, and we remit the matter to Supreme Court for a determination of those costs and attorneys' fees.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court