Farro v Schochet (2021 NY Slip Op 00152)





Farro v Schochet


2021 NY Slip Op 00152


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-10791
 (Index No. 518007/16)

[*1]Menachem Farro, etc., appellant,
v
Zalman Schochet, etc., et al., respondents.


Barton, LLP, New York, NY (Sheldon Eisenberger and T. Bryce Jones of counsel), for appellant.
Farrell Fritz, P.C., New York, NY (Peter A. Mahler and Franklin C. McRoberts of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated July 5, 2018. The order denied the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims.
ORDERED that the order is affirmed, with costs.
This appeal concerns a series of business transactions described in greater detail in a related appeal (Farro v Schochet, ___ AD3d ___ [Appellate Division Docket No. 2017-10401; decided herewith]). Insofar as relevant, in their amended answer to the second amended complaint, the defendants asserted 10 counterclaims. The plaintiff moved pursuant to CPLR 3211(a) to dismiss the counterclaims. The Supreme Court denied the motion. The plaintiff appeals, and we affirm.
We find unpersuasive the plaintiff's contention that he established that the counterclaims should be dismissed because the defendants previously ratified the loans which now form the basis of their counterclaims. "The act of ratification, whether express or implied, must be performed with full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language" (Utopia Home Care, Inc. v Revival Home Health Care, Inc., 176 AD3d 900, 902 [internal quotation marks omitted]; see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889). Here, in their counterclaims, the defendants alleged, inter alia, that they were unaware of the plaintiff's improper actions regarding the loans because he actively concealed them. Accordingly, viewing the counterclaims in the light most favorable to the defendants, we agree with the Supreme Court that the plaintiff failed to demonstrate that dismissal of the counterclaims was warranted based on the defense of ratification (see generally Cashel v Cashel, 15 NY3d 794, 796).
To obtain dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, the party seeking dismissal bears the initial burden of establishing, prima facie, that the time within which to sue has expired (see Matter of Horowitz [*2]v Foster, 180 AD3d 783, 784). The statute of limitations for a claim or counterclaim begins to run when the claim accrues, and the period concludes when the claim is interposed (see CPLR 203[a]). A counterclaim is interposed when a pleading containing it is served (see CPLR 203[d]), and "[a] defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed" (CPLR 203[d]; see Matter of Jenkins v Astorino, 155 AD3d 733, 736; Balanoff v Doscher, 140 AD3d 995, 996).
Since allegations of fraud are integral to the defendants' first counterclaim, alleging breach of fiduciary duty, a six-year limitations period applies (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139). In addition, the second and eighth counterclaims alleging fraud, the third and ninth counterclaims alleging misrepresentation, the fourth counterclaim alleging conversion, the fifth counterclaim alleging unjust enrichment, the sixth counterclaim seeking declaratory relief, the seventh counterclaim seeking an accounting, and the tenth counterclaim alleging violation of Debtor and Creditor Law § 273 are all subject to a six-year limitations period (see CPLR 213[1], [8]; Village of Islandia v County of Suffolk, 162 AD3d 715, 716; Campbell v Bank of Am., N.A., 155 AD3d 820, 822; Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016, 1017; Felshman v Yamali, 106 AD3d 948, 949; Ingrami v Rovner, 45 AD3d 806, 808; Espie v Murphy, 35 AD3d 346, 347-348). Since the plaintiff's original complaint was filed in or about October 2016, to the extent that the counterclaims seek damages based upon conduct occurring after October 2010, they are timely.
Pursuant to CPLR 3016(b), claims or defenses alleging, inter alia, fraud or mistake, misrepresentation, or breach of trust must be pleaded with particularity. As the plaintiff contends, this requirement applies to the first through third counterclaims alleging breach of fiduciary duty, fraud, and misrepresentation, respectively (see Benjamin v Yeroushalmi, 178 AD3d 650, 653; Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; Lyons v Medical Malpractice Ins. Assn., 237 AD2d 416, 417). However, "section 3016(b) should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [internal quotation marks omitted]; see Bibbo v Arvanitakis, 145 AD3d 657, 659). Accordingly, "the pleading requirement will be deemed to have been met 'when the facts are sufficient to permit a reasonable inference of the alleged conduct'" (Bibbo v Arvanitakis, 145 AD3d at 659, quoting Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 492).
Here, the first through third counterclaims met this standard, particularly since they alleged that "the operative facts are 'peculiarly within the knowledge of the party' alleged to have committed the fraud" (Bibbo v Arvanitakis, 145 AD3d at 659, quoting Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 194), and that it is "impossible at the early stages of the proceeding for the [defendants] to detail all the circumstances constituting the fraud" (Bibbo v Arvanitakis, 145 AD3d at 659). Under these circumstances, "'the facts are sufficient to permit a reasonable inference of the alleged conduct'" and therefore satisfy CPLR 3016(b) (Bibbo v Arvanitakis, 145 AD3d at 659, quoting Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 492).
Finally, contrary to the plaintiff's contention, the defendants were not required to plead the violation of Debtor and Creditor Law § 273 with heightened particularity pursuant to CPLR 3016(b) (see Gateway I Group, Inc. v Park Ave, Physicians, P.C., 62 AD3d 141, 149).
MASTRO, A.P.J., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court