FM Cost Containment, LLC v +42 W. 35th Prop. LLC (2022 NY Slip Op 01385)





FM Cost Containment, LLC v +42 W. 35th Prop. LLC


2022 NY Slip Op 01385


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 653515/20 Appeal No. 15444 Case No. 2021-02778 

[*1]FM Cost Containment, LLC., Plaintiff-Appellant,
v
+42 W. 35th Prop. LLC et al., Defendants-Respondents.


Bantle & Levy LLP, New York (Robert L. Levy of counsel), and Bell & Bell LLP, Philadelphia, PA (James A. Bell, IV of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
Walden Macht & Haran LLP, New York (Daniel A. Cohen of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about January 11, 2021, which granted the motion of defendants +42 W. 35th Property LLC, Meadow Capital Management, LP, and Hotel Asset Value Enhancement, Inc. (Hotel AVE) to dismiss the complaint in its entirety as against Meadow and Hotel AVE, and to dismiss the second (breach of verbal or implied agreement), third (promissory estoppel), and fourth (unjust enrichment) causes of action against +42 W. 35th, unanimously affirmed, without costs.
The motion court properly dismissed the quasi contractual claims against +42 W. 35th, since both plaintiff and +42 W. 35th acknowledged that their agreement is an enforceable contract. Thus, recovery on a theory of quasi contract is foreclosed, as a claim for unjust enrichment does not lie where it duplicates a conventional contract claim (see Clark-Fitzpatrick, Inc. v Long Island R.R. Co., 70 NY2d 382, 388 [1987]; Scarola Ellis LLP v Padeh, 116 AD3d 609, 611 [1st Dept 2014]).
The court also properly dismissed the complaint against Meadow and Hotel AVE, neither of which signed the agreement, as plaintiff did not adequately plead facts to support liability under a veil piercing or alter ego theory (see Array BioPharma, Inc. v AstraZeneca AB, 184 AD3d 463, 464 [1st Dept 2020]; Remora Capital S.A. v Dukan, 175 AD3d 1219, 1221 [1st Dept 2019]). Likewise, plaintiff cannot maintain a quasi contract claim against a third-party nonsignatory to a contact that covers the subject matter of the claim (see Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 464 [1st Dept 2012], lv denied 19 NY3d 804 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022