Island Stars 21 Inc. v Buccaria (2023 NY Slip Op 06086)

Island Stars 21 Inc. v Buccaria

2023 NY Slip Op 06086

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 657063/21 Appeal No. 1113 Case No. 2022-03232 

[*1]Island Stars 21 Inc., Plaintiff-Appellant,
v
Richard J. "RJ" Buccaria et al., Defendants, Major Studio Partners LLC, Defendant-Respondent.

Sinayskaya Yuniver, P.C., Brooklyn (Steven Yuniver of counsel), for appellant.
Frey Law Firm, PLLC, New York (Mark S. Frey of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 23, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Major Studios Partners LLC's (MSP) motion to dismiss the eleventh cause of action (conversion) pursuant to CPLR 3211(a)(7) and denied plaintiff's request for leave to amend its complaint to add an unjust enrichment claim against MSP, unanimously affirmed, with costs.
In October 2019, nonparty Upsense Media Capital Pty, Ltd. — an Australian company — entered into an agreement with nonparty MSP Film Fund LLC (MSP Agreement), pursuant to which Upsense gave MSP Film Fund money in exchange for a share of the proceeds derived from the exploitation of the film called "1917." Upsense also entered into a Limited Liability Company Agreement with MSP Film Fund (LLC Agreement).
In December 2019, nonparty Yevgeniy Lvovskiy — plaintiff's president and assignor — entered into a Revenue Participation Agreement (RPA) with Upsense. The following month, he entered into an addendum. Pursuant to the RPA and addendum, Lvovskiy invested a total of $1 million in exchange for a return of $1 million by December 2020 and, thereafter, 11.25% of all revenues due to Upsense under the MSP Agreement. The RPA contains a provision calling for arbitration of any disputes arising out of or relating to that agreement.
Pursuant to Upsense's instructions, Lvovskiy — who was located in New York — wired funds to MSP (also in New York), as opposed to Upsense (in Australia). Lvovskiy did not receive $1 million by December 2020. In July 2021, MSP told him that he would not receive any of the money owed to him under the RPA because Upsense was in default under the MSP and LLC Agreements. Plaintiff alleges that, according to the LLC Agreement, MSP must use its own funds to cover any expenses caused by Upsense's defaults.
The court correctly dismissed plaintiff's claim for conversion against MSP, as it failed to state a cause of action (see McBride v KPMG Intl., 135 AD3d 576, 580 [1st Dept 2016]). While the money that Lvovskiy sent to MSP in the form of two wire transfers is specifically identifiable, plaintiff does not allege that MSP had to treat the money as Lvovskiy's direct investment in "1917," as opposed to his investment in Upsense (compare Manufacturers Hanover Trust Co. v Chemical Bank, 160 AD2d 113, 115 [1st Dept 1990], lv denied 77 NY2d 803 [1991] [wire transfer instructed the defendant bank to transfer money to a specific customer]; Thys v Fortis Sec. LLC, 74 AD3d 546, 547 [1st Dept 2010] [complaint alleged that "specified funds were entrusted to (the) defendants' custody only for a particular purpose"] [internal quotation marks omitted]).
The court providently exercised its discretion by denying leave to amend to add a claim for unjust enrichment. A claim for unjust enrichment is available when "the defendant has not breached a contract nor committed a recognized tort, [but] circumstances create an equitable obligation [*2]running from the defendant to the plaintiff" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]). Here, plaintiff alleges that MSP breached a contract (the LLC Agreement) and committed a tort (conversion). "To the extent that these claims succeed, the unjust enrichment claim is duplicative"; to the extent the claims are defective, "an unjust enrichment claim cannot remedy the defects" (id. at 791).
The unjust enrichment claim also fails because a contract (the RPA) covers the subject matter of plaintiff's claim (the return of $1 million); indeed, Lvovskiy has commenced an arbitration against Upsense. Furthermore, plaintiff has no quasi-contract claim against MSP, a third-party nonsignatory to the RPA (see Maor v Blu Sand Intl. Inc., 143 AD3d 579, 579 [1st Dept 2016]; see also e.g. FM Cost Containment, LLC v +42 W. 35th Prop. LLC, 203 AD3d 426, 427 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023